UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-2861(JEB) |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Before the Court is a Complaint filed by Plaintiff Environmental Defense Fund ("EDF") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Environmental Protection Agency ("EPA" or "Agency"). *See* Compl. (ECF No. 1). The four FOIA requests that form the basis for this litigation were submitted on July 19, 2017, November 1, 2017, January 25, 2018, and May 9, 2018. *Id.* at ¶ 2.

**I. FOIA Request for Correspondence Between EPA Employees and External Law Firms (EPA-HQ-2017-00959)**

On July 19, 2017, EDF submitted to EPA a FOIA request for copies of all correspondence between certain EPA employees and any attorney or staff member at certain law firms (the "External Firms"). The Request was assigned tracking number EPA-HQ-2017-009579.

At the Agency's request, on June 24, 2019, EDF narrowed the custodian list provided by EPA's Office of the Administrator ("OA"), selecting 36 custodians whose records EDF requested be searched for responsive correspondence. In addition, EDF and EPA agreed to: (i) use the email domain names of the External Firms for the records search as well as the last names of the attorneys at these Firms; (ii) search the to/from/cc fields in Outlook; and (iii) include the names of two other

specific custodians. Thereafter, EPA submitted a search based upon Plaintiff's specified criteria (*i.e.,* custodians, date range, and participant domains/names), which yielded 91,479 potentially responsive records after de-duplication.

### A. Plaintiff's Position

Responding to EPA's position below, EDF maintains that Defendant's proposed production schedule is unreasonably slow. Indeed, it could extend decades.

Moreover, EPA represented in the parties' August 9, 2019 Joint Status Report that its search "yielded an estimated 257,363 hits," which Plaintiff believed to be reflective "of false positives or otherwise non-responsive documents." Doc. 10 at 2. Thus, EPA agreed to "de-duplicate" and "assess [these records] for potential responsiveness." *Id*. Now, however, EPA maintains that there are 91,479 *non-duplicated*, "potentially responsive records," suggesting that each of the 36 EPA-employee custodians had, on average, *more than 2,500 emails* with a small handful of External Firms. EDF finds this implausible. EDF will continue to work with EPA in the hope that the Agency will—in the next 30 days—assess these records for responsiveness, or, at the very least, report to EDF the accurate cause of this seemingly implausibly high number (of 91,479 records).

EDF asserts that determining the cause of this massive number is, at this stage, more urgent than agreeing upon the number of records that EPA will process and produce to Plaintiff each month. EDF notes, however, that 750 records every two months is unreasonably slow, especially when the Agency recently, in other litigation and at the urging of another Court, agreed to produce 750 records *every month*. *See Envtl. Def. Fund, Inc. v. Envtl. Prot. Agency*, Case No. 17-cv-02220-APM, Tr. of Apr. 9, 2018 Hearing, Doc. 10 at 17 (filed Oct. 26, 2017).

B. **Defendant's Position**

EPA proposes that the parties continue to meet and confer regarding narrowing the scope of this request. Plaintiff has indicated it does not understand why the search retrieved 91,000 records. EPA searched using parameters provided by Plaintiff. EPA strongly believes there are areas in which Plaintiff can narrow its request that will reduce the number of documents returned from the search to a reasonable number. For example, Plaintiff's search terms included the names of numerous EPA employees, some of which are common names, so the search returned emails from the selected 36 custodians in which those EPA employees were named or included[1]. Narrowing the scope of the request will expedite the review process because EPA need review only those documents that Plaintiff is truly seeking in its request.

On August 29, 2019, EPA informed Plaintiff of the high number of potentially responsive documents and proposed a processing schedule while the parties confer on the scope. Plaintiff did not respond to EPA's processing schedule until discussing this status report yesterday. Nor did Plaintiff attempt to narrow the scope of its request. By the next proposed date for the status report, if the parties have not conferred and meaningfully narrowed the scope, EPA proposes to determine a reasonable search and provide the total number of records to be reviewed. Additionally, EPA has identified responsive records from previously produced requests. EPA expects to produce those records by September 30. EPA's proposed processing schedule is as follows:

- EPA will process 750 records every 2 months, and will start with bimonthly productions on November 15, followed by January 15, March 15, and so on.

---

[1] Of note, a single custodian, Bill Wehrum a former EPA employee and a search term identified by Plaintiffs, accounts for over 40,000 of the 91,479 de-duplicated, potentially responsive records.

## II. FOIA Request for Records Related to 40 C.F.R. Part 60 Subpart OOOOa ("Subpart OOOOa") (EPA-HQ-2018-001268)

On November 1, 2017, EDF submitted to EPA a FOIA request for reports provided to the Agency pursuant to Subpart OOOOa and relating to its regulatory provisions. The Request was assigned the tracking number EPA-HQ-2018-001268.

On June 20, 2019, Defendant completed the processing and production of non-exempt, responsive portions of all the records that have not been claimed as confidential business information ("CBI").

### A. Plaintiff's Position

Responding to EPA's position, EDF is concerned that EPA is progressively—and unreasonably—setting weaker terms for this production. Specifically, in the parties' April 25, 2019 *and* June 25, 2019 Reports, EPA agreed, *inter alia*, to "complete determinations for all claimed CBI records" by August 30, 2019. Doc. 8 at 2; Doc. 9 at 2. In the parties' August 9, 2019 Report, EPA stated that it was "evaluating the impact" of the *Food Marketing Institute v. Argus Leader Media*, No-18-841, 2019 WL 2570624 (U.S. Jun. 24, 2019) decision "on the confidentiality claims at issue and the confidentiality substantiation process." After conferring with EDF, EPA agreed to "inform Plaintiff whether a limited extension of the August 30, 2019 date is necessary no later than August 23, 2019." Doc. 10 at 2.

On August 23, 2019, EPA informed Plaintiff that the Agency would need 45 days, *i.e.*, until October 7, 2019, to complete the CBI determination.

EPA now asserts that it needs until October 25, 2019 to merely "*provide an update regarding*" the CBI determinations. (emphasis added). Subject to further conferring, EDF is likely to seek, *inter alia*, a hearing with the Court in hopes of speeding up this schedule.

   B. **Defendant's Position**

Regarding the documents that contain information claimed by the respective businesses as CBI, Defendant indicated previously that it would complete CBI determinations by August 30, 2019.  After EPA provided this estimated date, the Supreme Court issued its decision in *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 204 L. Ed. 2d 742 (2019), which addressed the application of FOIA Exemption 4 to information claimed as CBI.  After the *Argus Leader* decision, the Department of Justice Office of Information Policy (OIP) announced that it would issue guidance and training on the impact of this significant decision.  EPA understands the guidance may be issued in the near future but is still waiting for the necessary guidance at this time.  EPA asserts that it will provide an update on the CBI determinations in this case on October 25, 2019.  If OIP issues its guidance in the interim, EPA will endeavor to complete the CBI determinations before that date.

**III.** **FOIA Request for Records Relating to Executive Order 13783 (EPA-HQ-2018-003777)**

On January 25, 2019, EDF submitted to EPA a FOIA request for records relating to the Agency's review of the Clean Power Plan, which provided nationwide limits on carbon pollution from existing power plants, under Executive Order 13783. The Request was assigned tracking number EPA-HQ-2018-003777.

On June 20, 2019, Defendant made a production of records, though a small subset of the records is still undergoing consultation with another government entity.  On August 29, 2019, Defendant notified Plaintiff that the consultation process is still ongoing with respect to this subset of records.  As of the filing of this status report, the consultation process is still ongoing.

A. **Plaintiff's Position**

Responding to Defendant's position, EDF requests that the Agency provide a determination as to—as opposed to a mere "update on the status of"—this "small subset" of records no later than October 21, 2019 so that EDF has time to review the determination prior to the next joint status report and, if necessary, to request a hearing with the Court regarding the matter.

B. **Defendant's Position**

EPA asserts that it will provide an update on the status of the consultation process by **October 25, 2019**. If the records are returned to EPA in the interim, EPA will endeavor to produce the non-exempt, reasonably segregated documents or portions of documents before October 25, 2019.

IV. **FOIA Request for Records Related to Certification of Model Year ("MY") 2017 and Later Glider Vehicles (EPA-HQ-2018-007516)**

On May 9, 2018, EDF submitted to EPA a FOIA request for records related to MY 2017 and later glider vehicles. The Request was assigned tracking number EPA-HQ-2018-007516.

Defendant made a final production of non-exempt, responsive documents in response to this Request on February 25, 2019. Defendant notes that, if not for the lapse in federal appropriations resulting in a government shutdown, this FOIA would have been closed by the time this litigation was filed. EDF is still in the process of reviewing these records and the redactions they contain.

Given the current posture of the case, the parties respectfully request that the Court defer setting a briefing schedule at this time. The parties propose submitting a joint status report on **October 25, 2019**.

Dated: September 26, 2019          Respectfully submitted,

/s/ *Hassan A. Zavareei*
HASSAN A. ZAVAREEI D.C. Bar. No. 456161
TYCKO & ZAVAREEI LLP
1828 L Street, NW
Suite 1000
Washington, D.C. 20036
Email: hzavareei@tzlegal.com;
Tel: 202-973-0900

*Counsel for Plaintiff*


JESSIE K. LIU, D.C. Bar No. 472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By:    /s/ *Denise M. Clark*
DENISE M. CLARK, D.C. Bar No. 479149
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-6605
Denise.Clark@usdoj.gov

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, ) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES ENVIRONMENTAL ) <br> PROTECTION AGENCY, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 18-2861(JEB) |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of the parties' joint status report, it is hereby:

ORDERED that the parties' next status report is due on or before October 25, 2019.

SIGNED:

_____                     _____
Date                                              United States District Judge