UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-2861(JEB) |
| v. | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Before the Court is a Complaint filed by Plaintiff Environmental Defense Fund ("EDF") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Environmental Protection Agency ("EPA" or "Agency"). *See* Compl. (ECF No. 1). The four FOIA requests that form the basis for this litigation were submitted on July 19, 2017, November 1, 2017, January 25, 2018, and May 9, 2018. *Id.* at ¶ 2.

## I. FOIA Request for Correspondence Between EPA Employees and External Law Firms (EPA-HQ-2017-009579)

On July 19, 2017, EDF submitted to EPA a FOIA request for copies of all correspondence between certain EPA employees and any attorney or staff member at certain law firms (the "External Firms"). The Request was assigned tracking number EPA-HQ-2017-009579.

At the Agency's request, on June 24, 2019, EDF narrowed the custodian list provided by EPA's Office of the Administrator ("OA"), selecting 36 custodians whose records EDF requested be searched for responsive correspondence. In addition, EDF and EPA agreed to: (i) use the email domain names of the External Firms for the records search as well as the last names of the attorneys at these Firms; (ii) search the to/from/cc fields in Outlook; and (iii) include the names of two other

specific custodians. Thereafter, EPA submitted a search based upon Plaintiff's specified criteria (*i.e.,* custodians, date range, and participant domains/names), which yielded 91,479 potentially responsive records after de-duplication. As explained below, EPA further reduced the pool of potentially responsive records to approximately 2,000 potentially responsive records.

### A. Defendant's Position

On August 29, 2019, EPA informed Plaintiff of the high number of potentially responsive documents totaling approximately 91,000 records that resulted from Plaintiff's requested search terms and custodians. EPA proposed a processing schedule while the parties confer on the scope. To date, Plaintiff has not attempted to narrow the scope of its request.

As such, EPA separately evaluated Plaintiff's proposed search terms and custodians and developed a reasonable search that returned approximately 2,000 potentially responsive records. Plaintiff's use of certain surnames as individual search terms caused an extremely high number of hits. Plaintiff requested to include as search terms the surnames of 11 specific attorneys from external law firms, including the surname of a former EPA employee, Bill Wehrum. EPA narrowed the scope of emails on which Bill Wehrum is a custodian.[1] Using Bill Wehrum's surname as a search term captured his entire EPA email box. EPA removed Wehrum as a search term, but he remained a custodian for Plaintiff's remaining search terms.

EPA also removed two surnames as search terms, Wood and Bishop, because several EPA employees also share those surnames and the search retrieved emails that were outside the scope of Plaintiff's request, *i.e.,* not emails to or from external law firms. EPA remains open to further discussion with Plaintiff to address any concerns Plaintiff may have regarding these changes to the search or use of search terms.

---

[1] Of note, a single custodian, Bill Wehrum a former EPA employee and a search term identified by Plaintiffs, accounted for over 40,000 of the 91,479 de-duplicated, potentially responsive records.

On September 30, 2019, consistent with EPA's proposed processing schedule, EPA made a production of responsive records from previously produced requests. EPA proposes to process 750 potentially responsive records every two months, and will make three productions of non-exempted, responsive records, on November 15, 2019, January 15, 2020, and March 15, 2020. EPA's proposed processing rate allows it to be responsive to this Plaintiff while meeting its processing obligations to other FOIA requesters.

### B. Plaintiff's Position

EDF does not agree with the characterization that it has "not attempted to narrow down its request." EDF long-believed that the 91,000 number was too high and repeatedly requested that EPA assess those records for responsiveness. It appears that Plaintiff was correct and that no such "narrowing" was needed.

In addition, EDF objects to the delayed production schedule that EPA proposes, which contemplates producing 750 records every two months beginning on November 15, 2019. EPA does not explain why it is unable to produce this relatively small batch of records at a reasonable rate or why it cannot produce all the records at once. Accordingly, **Plaintiff respectfully requests that the Court schedule a status conference at its earliest available date to work out an appropriate scheduling order governing the production of documents responsive to Plaintiff's request**.

## II. FOIA Request for Records Related to 40 C.F.R. Part 60 Subpart OOOOa ("Subpart OOOOa") (EPA-HQ-2018-001268)

On November 1, 2017, EDF submitted to EPA a FOIA request for reports provided to the Agency pursuant to Subpart OOOOa and relating to its regulatory provisions. The Request was assigned the tracking number EPA-HQ-2018-001268.

On June 20, 2019, Defendant completed the processing and production of non-exempt, responsive portions of all the records that have not been claimed as confidential business information ("CBI").

Regarding the documents that contain information claimed by the respective businesses as CBI, Defendant indicated previously that it would complete CBI determinations by August 30, 2019. After EPA provided this estimated date, the Supreme Court issued its decision in *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 204 L. Ed. 2d 742 (2019), which addressed the application of FOIA Exemption 4 to information claimed as CBI. After the *Argus Leader* decision, the Department of Justice Office of Information Policy (OIP) announced that it would issue guidance and training on the impact of this significant decision. OIP issued the necessary guidance on October 4, 2019.

EPA has a backlog of pending CBI determinations including those in this case. EPA expects to complete all the CBI determinations in this case to the affected businesses by December 6, 2019. EPA notes that under this schedule EPA will be working concurrently on the CBI determinations and producing non-CBI records to Plaintiff for FOIA request EPA-HQ-2017-009579.

## III. FOIA Request for Records Relating to Executive Order 13783 (EPA-HQ-2018-003777)

On January 25, 2019, EDF submitted to EPA a FOIA request for records relating to the Agency's review of the Clean Power Plan, which provided nationwide limits on carbon pollution

from existing power plants, under Executive Order 13783. The Request was assigned tracking number EPA-HQ-2018-003777.

On June 20, 2019, Defendant made a production of records, with the exception of a small subset of the records that underwent consultation with other government entities. Those records have been returned to the Agency, and on October 25, 2019, EPA produced the records to Plaintiff. EDF is still in the process of reviewing these records.

## IV. FOIA Request for Records Related to Certification of Model Year ("MY") 2017 and Later Glider Vehicles (EPA-HQ-2018-007516)

On May 9, 2018, EDF submitted to EPA a FOIA request for records related to MY 2017 and later glider vehicles. The Request was assigned tracking number EPA-HQ-2018-007516.

Defendant made a final production of non-exempt, responsive documents in response to this Request on February 25, 2019. EDF is still in the process of reviewing these records and the redactions they contain.

## V. The Parties' Requests

Given the current posture of the case, the parties respectfully request that the Court defer setting a briefing schedule at this time. The parties propose submitting a joint status report on **December 11, 2019**.

EDF also respectfully requests that the Court schedule a status conference at its earliest available date in order to work out an appropriate scheduling order governing the production of documents responsive to Plaintiff's requests. EPA, however, does not believe such a status conference is necessary at this time. Indeed, by the date of the next status report, EPA will have produced all non-exempted, responsive records for three of Plaintiff's four requests. Further, EPA will complete its production of non-exempted, responsive records for the fourth request by March 2020, less than five months from now.

Dated: October 25, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ *Hassan A. Zavareei*
　　　　　　　　　　　　　　　　　　　HASSAN A. ZAVAREEI D.C. Bar. No. 456161
　　　　　　　　　　　　　　　　　　　TYCKO & ZAVAREEI LLP
　　　　　　　　　　　　　　　　　　　1828 L Street, NW
　　　　　　　　　　　　　　　　　　　Suite 1000
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　Email: hzavareei@tzlegal.com;
　　　　　　　　　　　　　　　　　　　Tel: 202-973-0900

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*


　　　　　　　　　　　　　　　　　　　JESSIE K. LIU, D.C. Bar No. 472845
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　DANIEL F. VAN HORN, D.C. Bar No. 924092
　　　　　　　　　　　　　　　　　　　Chief, Civil Division

By:　　　/s/  *Denise M. Clark*
　　　　　　　　　　　　　　　　　　　DENISE M. CLARK, D.C. Bar No. 479149
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　(202) 252-6605
　　　　　　　　　　　　　　　　　　　Denise.Clark@usdoj.gov

　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE FUND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-2861(JEB) |
| v. | ) | |
| | ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## **[PROPOSED] ORDER**

Having Consider the parties' joint status report, the Court hereby ORDERS the parties to submit their next status report on or before December 11, 2019. The Court further orders the parties to appear on _____ for a status conference regarding the production of documents responsive to EPA-HQ-2017-00959.

SIGNED:

_____          _____
Date                                          United States District Judge